THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT MULHALL and Another, Appellants.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, September 24, 1931.

*Oscar Wm. Swift*, for the appellants.

*William F. X. Geoghan*, District Attorney [*Thomas J. Sefton* of counsel], for the respondent.

KERNOCHAN, J. The appellants were convicted June 15, 1931, of disorderly conduct and were placed on probation for three months by the city magistrate. From this conviction the appellants have appealed.

The disorderly conduct complained of was that on May 29, 1931, in front of 1622 Albany avenue the defendants did " annoy and interfere with deponent in his duties as Inspector of Allied Patrol System, by standing in his way and impeding his work as patrol officer and pushing and jostling deponent in violation of section 722 of the Penal Law, subdivision 2."

Section 722, subdivision 2, of the Penal Law says: " any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" (2) Acts in such a manner as to annoy, disturb, interfere with, obstruct or be offensive to others."

The evidence for the prosecution is the testimony of the complainant. He says that he had formerly been an employee of the Flynn Patrol System but had left their employ about the tenth or fifteenth of March. He says that the house at 1622 Albany avenue was owned by one of his clients; that about two-thirty A. M. he went to inspect the house, which was vacant, and found the two defendants, employees of another concern, shown to be his old employer, the Flynn Patrol System, standing on the stoop close together so that he could not go between them; that they said, " Keep away from this house; " that Mulhall said, " We will get you yet," and that Donavan said, " and how." The complainant then says, " As I backed they pushed me off the first step on to the sidewalk. I backed to the sidewalk and ran to my booth." Later he returned with another man and the appellants got off the stoop and walked away.

The appellants deny that they were on the stoop or had any trouble of any kind with the complainant; they do say that they were employed by the Flynn Patrol System. The appellants introduced in evidence a contract (not returned by the magistrate but incorporated in the appellant's brief) which shows that the owner of 1622 Albany avenue agreed to have Flynn Patrol System guard the premises from March 15, 1931, for one year. There is nothing to show that this contract was not still in force. The magistrate stated that he believed the testimony of the complainant and did not believe the testimony of the defendants as to what happened on the stoop. This he had a perfect right to do and the appellate court cannot interfere.

The question still remains, however, as to whether the acts testified to by the complainant make out a case of disorderly conduct under the statute. There was without doubt a dispute between the parties as to who was entitled to guard the premises. The evidence before us shows that the Flynn Patrol System had the contract, the appellants as employees of the Flynn Patrol System were acting within their rights if they did all that the complainant said they did, and there was no breach of the peace at any time, for when the complainant appeared with his companion the appellants walked away and did not continue the controversy.

The conviction should be reversed on the law and facts, complaint dismissed and appellants discharged.

All concur; present, McINERNEY, P. J., KERNOCHAN and SOLOMON, JJ.